**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Belynda Miles,<br>    PLAINTIFF,<br><br>vs.<br><br>Michelin North America, Inc.,<br><br><br>    DEFENDANT. | )<br>)<br>)<br>)<br>) Case No.  CIV-  16-240-R<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

Plaintiff, Belynda Miles, by and through her counsel, Christine C. Vizcaino, OBA #30527, hereby complains against Michelin North America, Inc. ("Defendant").

## NATURE OF CASE

1. Plaintiff alleges a claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, for sex/gender discrimination, harassment, hostile work environment, and wrongful termination. Plaintiff also brings a state law cause of action for a wrongful discharge in violation of the Oklahoma Anti-Discrimination Act based upon sex/gender discrimination, *see* 25 O.S. §1101 *et seq*.

2. Plaintiff also alleges a claim of illegal retaliation in violation of Title VII and the Oklahoma Anti-Discrimination Act.

1

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. 2000e-5(f)(3). Plaintiff also brings a pendant state law claim under 25 O.S. §§1101 *et. seq*. This Court also has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

4. All of the actions occurred in Carter County, Oklahoma. Under 42 U.S.C. § 2000e-5(f)(3) venue is appropriate in the Western District of Oklahoma and the Western District is a more convenient forum for the Plaintiff in that it is more accessible for the parties and Plaintiff is at least eighty miles closer to the federal court in Oklahoma City, Oklahoma than the federal court in Muskogee, Oklahoma.

## PARTIES

5. Plaintiff, Belynda Miles, a female, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of Ardmore, Oklahoma.

6. Plaintiff is a former employee of Defendant.

7. Defendant Michelin North America, Inc. is Foreign For Profit Business registered with the Oklahoma Secretary of State.

8. Defendant maintains offices throughout the United States.

9. Plaintiff was formerly employed by Defendant at its Ardmore, Oklahoma location.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about April 2, 2015; EEOC Charge Number 564-2015-00757.

11. Plaintiff was issued a notice of right to sue dated December 22, 2015, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice, as such notice was received by Plaintiff's counsel on December 23, 2015.

12. Plaintiff's charges were also filed timely within the 180-day window provided by the Oklahoma Anti-Discrimination Act.

13. Plaintiff has exhausted her administrative remedies under federal and state law.

## GENERAL ALLEGATIONS

14. Plaintiff began working for Defendant as a tire builder on or about May 9, 1988.

15. Throughout her tenure of employment, Plaintiff has performed her job duties in a satisfactory manner in the various positions she held with Defendant.

16. In August 2013, Plaintiff received a promotion to the Measurement & Cut Lab Technician position.

17. Within two months of receiving this promotion, Plaintiff began training under Mark Merritt.

18. Almost immediately after being moved under the supervision of Mr. Merritt, Plaintiff began receiving hostile and discriminatory treatment from him.

Examples of such treatment include, but are not limited to, being told that "this was no job for a woman."

19. Within weeks of Plaintiff beginning this position, Mr. Merritt began failing to provide her the proper training and also frequently refused to answer her questions.

20. After continued remarks concerning her gender, Plaintiff reported Mr. Merritt's actions to his supervisor, Ricky Lott.

21. Despite Plaintiff's complaints, no corrective action was taken and Mr. Merritt continued to engage in his inappropriate and offensive behavior.

22. Following Plaintiff's complaint to Mr. Lott, Plaintiff was retaliated against. Examples of such conduct include, but are not limited to:

    a. Mr. Merritt refused to assist Plaintiff in the same manner in which he assisted Plaintiff's male co-workers

    b. Mr. Merritt and other male co-workers interfered with Plaintiff's ability to perform her job by giving her insufficient numbers of tires to sample/test which negatively impacting her job performance.

    c. Plaintiff was verbally reprimanded for not measuring enough tires per day despite the fact that she had no control over the matter.

23. Following the verbal reprimand, Plaintiff complained again to Ricky Lott. Mr. Lott claimed that he would speak with Mr. Merritt, but such behavior only worsened.

24. In July 2014, Plaintiff received a new top level supervisor, Todd Sinkler.

25. Immediately following Mr. Sinkler's arrival, Plaintiff reported Mr. Merritt and her male co-workers' behavior towards her.

26. Despite Plaintiff's complaints, Mr. Sinkler failed to take any corrective action and the behavior continued.

27. In October 2014, another of Plaintiff's trainers began yelling at her and accusing her of not doing her job.

28. Another male co-worker maintained spreadsheets to track Plaintiff's time spent at work, at lunch and "learning." He did not maintain spreadsheets for male employees.

29. At this point, Plaintiff was told that they hoped "they didn't fill another position with a woman, as we already got one and we don't need another."

30. On repeated occasions, Plaintiff was told that "this ain't no job for a woman."

31. This harassment, retaliation and discrimination continued on nearly a daily basis.

32. In January 2015, Plaintiff began being forced to take time off from work due to the repeated harassment, discrimination and retaliation.

33. In early 2015, Plaintiff's supervisor harassed her regarding vacation leave that upper management had already approved, telling her that "I don't care if you got your name on there [calendar] or not."

34. On another occasion, Plaintiff was yelled at and told "this shit's fixing to end" and that Plaintiff "didn't know just how fast it was gonna happen."

35. On multiple occasions, Mr. Merritt and Plaintiff's male co-workers told her that she should just quit.

36. Throughout this time, Plaintiff continually reported these actions to upper management, yet these supervisors and co-workers received no reprimands and Plaintiff's situation did not improve.

37. In late February 2015, upper management finally allowed Plaintiff to make a detailed statement regarding all of the harassment, retaliation and discrimination against her.

38. Upper management allegedly met with the offending supervisors and employees on February 19, 2015. Plaintiff was told to take the rest of the day off and not report back to work until the following week.

39. Upon returning to work, the treatment of Plaintiff did not cease.

40. Days later, Plaintiff sought medical attention for the severe stress stemming from her treatment at work. Her treating physician determined that she needed mental health treatment due to the actions through which she'd suffered.

41. This physician kept Plaintiff from returning to work until the situation was "resolved."

42. Since that time, Plaintiff has been kept from returning to work and Defendant has not acted to remedy the situation, rendering her unable to return to work and effectively terminating her employment in that position.

43. The atmosphere in which Plaintiff was forced to work led to a diagnosis of severe anxiety, stress, and depression.

44. As such, Plaintiff's constructive discharge amounts to a wrongful termination.

45. Defendant's actions against Plaintiff throughout her employment constituted illegal gender-based harassment, gender discrimination and retaliation.

46. Defendant is liable for the illegal actions of the members of management whose illegal conduct is demonstrated throughout this complaint. *See generally Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

47. Plaintiff believes that this treatment was motivated her sex/gender or in retaliation for her opposing the illegal treatment, her internal complaint of discrimination and her EEOC complaint of discrimination and retaliation.

48. As a result of Defendant's actions, Plaintiff has sustained loss of employment, loss of seniority, loss of career path, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

49. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

## COUNT I

### Discrimination Based Upon Gender/Sex, in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* and the Oklahoma Anti-Discrimination Act, 25 O.S. §1302

50. Plaintiff reasserts and incorporates by reference paragraphs 1-52 as set forth above as if fully restated herein.

51. Defendant's actions in repeatedly subjecting Plaintiff to illegal harassment, disparate treatment, and discrimination, as described above, constitute discrimination based upon gender/sex, in violation of Title VII and the OADA.

52. These actions also created a hostile work environment, in clear violation of Title VII and the OADA.

53. Defendant's willful and malicious misconduct as described above, in discriminating against and terminating Plaintiff based upon her sex/gender are in violation of Title VII and the OADA.

54. Plaintiff's gender was a motivating factor in Defendant's adverse employment-related actions described above, including without limitation: the creation of a hostile work environment, continued harassment and disparate treatment, and ultimately her constructive termination. Defendant violated Plaintiff's civil rights by taking such adverse actions.

55. As a result of Defendant's illegal conduct, Plaintiff has suffered losses, injury, and damages, as set forth in paragraphs 50-52, above.

56. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII and the OADA, including, without

limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

57. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II

### Retaliation for Protected EEOC Activity in Violation of 42 U.S.C. §2000e-3(a) and the Oklahoma Anti-Discrimination Act

58. Plaintiff reasserts and incorporates by reference paragraphs 1-60 as set forth above as if fully restated herein.

59. 42 U.S.C. §2000e-3(a) makes it illegal to discriminate/retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

60. Plaintiff clearly opposed the illegal harassment when she reported the illegal conduct on various occasions.

61. Plaintiff continued to oppose the discriminatory and retaliatory actions being taken against her by complaining to upper management in early 2015.

62. Plaintiff also opposed the discriminatory and retaliatory actions by participating in the EEOC administrative process by filing an EEOC charge in April 2015.

63. Such opposition and participation is clearly protected activity.

64. The actions taken against Plaintiff after her opposition to Defendant's unlawful conduct, including, but not limited to: repeated harassment, refusal to properly train and assist Plaintiff, unjustified discipline, failure to return Plaintiff to work and continued disparate treatment are all clearly retaliatory actions designed to prevent her from exercising her rights under Title VII and the OADA.

65. Defendant's conduct as described above is in clear violation of Title VII and the OADA provisions prohibiting such retaliation and discrimination.

66. As a result of Defendant's illegal conduct under Title VII, Plaintiff has suffered losses, injuries, and damages, as set forth in paragraphs 50-52, above.

67. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing plaintiff under Title VII and the OADA, including, without limitation: back pay, front pay, liquidated damages, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.

68. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;
b. Liquidated and punitive damages;

c. Compensatory and consequential damages;

d. Injunctive and/or declaratory relief;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

g. That Defendant be enjoined and restrained from engaging in further discriminatory conduct; and

h. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: 3/11/2016

Respectfully submitted,

/s/Christine C. Vizcaino
Christine C. Vizcaino, OBA #30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-414-2222/ 405-607-4358 (Fax)
Christine@mazaherilaw.com
*Attorney for Plaintiff*

*Attorney's Lien Claimed*